Save As     Clear Form

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 24-2927

Short Caption: Reporters Committee for Freedom of the Press et al. v. Todd Rokita et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Reporters Committee for Freedom of the Press; Indiana Broadcasters Association; Indiana ProSPJ; Indianapolis Star; Nexstar Media, Inc.; Scripps Media Inc.; and TEGNA Inc.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Reporters Committee for Freedom of the Press

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and
     See attached.

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
     See attached.

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

Attorney's Signature: /s/ Grayson Clary     Date: 10/30/24

Attorney's Printed Name: Grayson Clary

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [ ]   No [✔]

Address: 1156 15th Street NW, Suite 1020
Washington, DC 20005

Phone Number: 202-795-9300     Fax Number: 202-795-9310

E-Mail Address: gclary@rcfp.org

rev. 12/19 AK

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

*Reporters Committee for Freedom of the Press et al. v. Todd Rokita et al.* (No. 24-2927)

(Continued)

The Reporters Committee is an unincorporated nonprofit association of reporters and editors with no parent corporation and no stock.

The Indiana Broadcasters Association is a 501(c)(6) not-for-profit trade association with no parent corporation and no stock.

The Indiana Professional Chapter of the Society of Professional Journalists has no parent corporation and no stock.

The Indianapolis Star is a subsidiary of Gannett Satellite Information Network, LLC.

Nexstar Media Inc. has no corporate parent company and no publicly held corporation has a 10% or greater ownership interest in its stock.

Scripps Media, Inc. is a Delaware corporation. The E.W. Scripps Company ("EWS") is the parent company of Scripps Media, Inc. ("SMI"). EWS is a public company and owns 100% of the outstanding capital stock of SMI.

TEGNA Inc. has no corporate parent company and no publicly held corporation has a 10% or greater ownership interest in its stock.