

OFFICE OF THE ATTORNEY GENERAL
STATE OF INDIANA

302 W. WASHINGTON ST. IGCS 5TH FLOOR
INDIANAPOLIS, IN 46204-2770

TODD ROKITA
ATTORNEY GENERAL

May 2, 2025

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St., Rm. 2722
Chicago, Illinois 60604

      Re:    Response to Rule 28(j) notice in *Reporters Committee for Freedom of the Press, et al. v. Rokita, et al.*, No. 24-2927

Dear Clerk:

      The Defendants-Appellants respectfully submit this response to Plaintiffs-Appellees' notice of supplemental authority, Dkt. 37-1.

      HB 1122 provides additional authority for officers to order someone to stop approaching within 25 feet of officers participating in their official duties. Its enactment does not moot this appeal. But its enactment raises additional questions about whether plaintiffs' alleged injury is traceable to the Buffer Law rather than other unchallenged laws. *See* Opening Br. 13–14; Reply 2–4.

      HB 1122 does not suggest the Buffer Law is unconstitutionally vague. The Buffer Law provides law enforcement and citizens clear, objective guidance. Opening Br. 18–31; Reply 5–11. The General Assembly's choice to draft an additional, narrower law does not mean that the Buffer Law's terms are incapable of being understood or inherently subjective, only that they reach more broadly than HB 1122's. Notably, moreover, plaintiffs do not say whether even HB 1122 passes constitutional muster under their reading of *Bell v. Keating*, 697 F.3d 445 (7th Cir. 2012).

      Nor does HB 1122 imply that the Buffer Law's only purpose is to suppress "nonobstructive expressive activity." On its face, the statute does not target expressive activity. Reply 11–24. Rather, it applies to conduct—approaching within 25 feet of an officer after receiving an order to stand back. So, if an officer gave an order to stop approaching, the law would apply to someone following an officer silently in an apartment building, to someone approaching an officer responding to a health crisis at a restaurant, or to a group of people approaching an officer in a squad

car in a private parking garage. Plaintiffs have not shown that a substantial number of the Buffer Law's applications would even include expressive activity in a public place, to say nothing of whether those applications would implicate any First Amendment concerns.

Sincerely,

James A. Barta
Solicitor General

*Counsel for Todd Rokita and Ryan Mears*

/s/ John P. Lowrey
John P. Lowrey

*Counsel for Kerry Forestal*

cc:   Counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

    This document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains 306 words.

May 2, 2025                                                    /s/ James A. Barta
                                                            JAMES A. BARTA
                                                            Solicitor General